United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE SYSTEMS/LORAL, INC., | No. C 96-03418 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR A PARTIAL STAY** |
| v. | |
| LOCKHEED MARTIN CORP., | |
| Defendant. | |

Now before the Court is defendant Lockheed Martin Corp.'s ("Lockheed") motion to stay proceedings in this case pending reexamination of U.S. patent no. 4,537,375 ("the '375 patent"). Pursuant to Local Rule 7-1(b), the Court finds the motion suitable for disposition without oral argument and therefore VACATES the hearing set for December 9, 2005, at 9:00 a.m. For the following reasons, the Court DENIES Lockheed's motion.

**BACKGROUND**

Plaintiff, Space Systems/Loral, Inc. ("SSL"), originally filed this action for patent infringement on February 21, 1995. Three years later, it amended its complaint to include a claim for infringement of the '375 patent. Now, more than ten years after this action was first filed, Lockheed seeks to have the proceedings stayed while the Patent and Trademark Office ("PTO") reexamines the '375 patent.

This case has remained active for such a long period of time primarily because of two appeals to the Federal Circuit. In September, 1999, Lockheed moved for summary judgment, claiming that the '375 patent was invalid based upon the on-sale bar of 35 U.S.C. § 102(b). In a December 21, 1999, order, the Court agreed, and issued judgment in favor of Lockheed on January 20, 2000. Almost two years later, the Federal

Circuit reversed and remanded back to this Court. On January 31, 2003, Lockheed again moved for summary judgment, this time claiming the '375 patent violated the written description requirement of 35 U.S.C. § 112. In a March 19, 2003, order, the Court again agreed with Lockheed, and, on June 17, 2004, issued judgment in its favor. For a second time, however, the Federal Circuit reversed.

On August 15, 2005, shortly after the Federal Circuit finally disposed of SSL's second appeal, Lockheed filed a request for reexamination with the PTO, requesting that the PTO reexamine the '375 patent in light of two prior art references ("the Bittner references"). The Bittner references had been included as grounds for a finding of invalidity in Lockheed's 2003 motion for summary judgment, but the Court had rejected those grounds, finding that an issue of fact remained. The PTO granted Lockheed's request for reexamination and mailed its "Decision on Request" to the parties on October 19, 2005. Lockheed now seeks to stay the current proceedings until the PTO's reexamination is completed.

## LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings . . . including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Although there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissue proceedings," *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994), a district court has discretion over whether or not to do so. *Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). When considering whether to grant a stay pending reexamination, a court should consider three factors: "(1) whether a stay would unduly prejudice and present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *In re Cygnus Telecommunications Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005). "A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Id.* (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).

# DISCUSSION

Lockheed argues that a stay is warranted primarily because of its contention that "there is a high likelihood that the reexamination proceeding will completely dispose of this case." Def. Mot. at 3. Largely because of the time that has elapsed since this case was filed, however, the Court declines to grant a stay.

## 1.   Prejudice

Perhaps most importantly, the Court finds that SSL will be unduly prejudiced by staying this action pending the reexamination of the '375 patent. Primary among this Court's concerns is the sheer length of time this action has been pending. SSL filed this suit more than ten years ago, and for seven years it has included claims under the '375 patent. As noted by other courts, patent reexamination can last anywhere from six months to three years, and lasts 21 months on average.[1] *See In re Cygnus*, 385 F. Supp. 2d at 1023 (court's review of reexamination certificates over the last 12 months "reveals that reexaminations generally take from 6 months to 3 years"); *In re Columbia Univ. Patent Litig.*, 330 F. Supp. 2d 12, 15 (D. Mass. 2004) ("The average re-examination takes 21 months."). A further two-year delay in this case is unacceptable; at a certain point, notions of convenience and judicial economy must yield to practicality.

In addition to its interest in the prompt resolution of this dispute, SSL also faces prejudice from other sources. Most significantly, the costs associated with delay prejudice SSL's ability to conduct its business. These costs stem both from the ongoing attorneys' fees SSL will incur and from the delay of compensation should SSL prevail. As a much smaller company than Lockheed, and one that has recently gone through bankruptcy, these costs are undoubtedly significant to SSL. Although Lockheed argues that SSL will not be prejudiced because the patent has expired and therefore monetary relief can fully compensate SSL, that argument ignores the fact that further delay will undoubtedly increase the costs of this litigation.

A second manner in which the delay prejudices SSL stems from the effect of the delay on the requirements of litigation. Simply put, the delay threatens SSL's ability to conduct this lawsuit. Another two years of delay signifies another two years of eroded memories of potential witnesses, should this case proceed

---

[1] The parties' briefs for the reexamination have not yet been submitted. SSL's brief in that proceeding is due in mid-December 2005, and Lockheed's reply is due in mid-February 2006. Thus, if the reexamination takes an average amount of time, it will not be completed until the end of 2007.

3

to trial.

Although Lockheed argues that courts routinely grant stays pending reexamination, it has not directed the Court to a single case in which a court has stayed proceedings after a delay this substantial. Indeed, in all the cases Lockheed cites, the longest period of time a case had been pending when a stay was granted was five years. *See GPAC, Inc. v. D.W.W. Enters., Inc.*, 23 U.S.P.Q.2d 1129, 1133 (D.N.J. 1992) (noting that another court had granted stay pending reexamination after five years of litigation). Many courts, however, have voiced concerns over staying proceedings when there has been significantly less delay. *See, e.g.*, *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 407 (W.D.N.Y. 1999) (refusing to stay proceedings where case had been pending for two years when stay was requested); *Toro Corp. v. L.R. Nelson Corp.*, 223 U.S.P.Q. 636, 638 (C.D. Ill. 1984) (refusing to stay proceedings where case had been pending 3 ½ years when stay was requested); *Enprotech Corp. v. Autotech Corp.*, 15 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 1990) (refusing to stay proceedings where case had been pending for two years); *Whatley v. Nike, Inc.*, 54 U.S.P.Q.2d 1124 (D. Or. 2000) (refusing to stay proceedings, with exception of plaintiff's summary judgment motion, because case had been pending for two years).

The Court recognizes that the delay in this case is by and large not attributable to either party, but is the product of the litigation process. Indeed, since the '375 patent was put at issue in this case in 1998, the proceedings have largely been stalled pending appeal.[2] Nevertheless, the seven-year history of litigation over the '375 patent exists, and must be taken into account when considering a further delay pending reexamination.

### 2. **Utility of Reexamination Proceedings**

Lockheed's primary argument in favor of a stay is its claim that the reexamination proceedings will prove dispositive for this case. In support of this argument, Lockheed relies on two contentions. First, it claims that, because the '375 patent has expired, any claims the reexaminer finds problematic cannot be amended and must be dismissed. Lockheed argues that the claims in the '375 patent are highly likely to require amendment

---

[2]Although SSL faults Lockheed for not seeking reexamination sooner, it is understandable that Lockheed would not move to have the PTO reexamine the '375 patent during the bulk of the last six years, because the case had twice been decided in its favor.

4

(and, hence, cancellation) because its statistics demonstrate that 72% of reexaminations of active patents result in amended or cancelled claims. In addition, Lockheed also points to a European reexamination of the European equivalent of the '375 patent. In that proceeding, the the European Patent Office forced SSL to make significant amendments to all of the claims of the European patent in light of the Bittner references. By analogy, Lockheed claims that the PTO will also find that all of the claims of the '375 patent require amendment.

Lockheed's second contention in support of its argument that all claims of the '375 patent will be cancelled in the reexamination proceeding stems from Lockheed's interpretation of the reexaminer's language. Lockheed argues that the Decision on Request issued by the patent reexaminer contains clear language that the reexaminer intends to invalidate all claims of the '375 patent. *See* Riley Decl. ¶ 3, Exh. 2 at p. 460 ("[I]t appears that the above-described control system and method of Bittner et al. is substantially the same as (or at least very similar to) that which is recited in the claims of Patent No. 4,537,375.").

While it is true that the reexamination proceeding has the potential for being dispositive, the Court does not believe that this potential is substantial enough to merit a stay. To begin with, the Court declines to presume that it can divine the PTO's intent from the evidence Lockheed has presented. Until the PTO issues a clear statement of its intent,[3] the Court will not speculate on the outcome of the reexamination proceedings.

More importantly, if the claims of the '375 patent are upheld, the Court does not find that the reexamination will be particularly helpful in this matter. There are a number of issues that the reexamination will not affect, such as Lockheed's pending motions for summary judgment of invalidity. Indeed, in its motion Lockheed explicitly requests that its summary judgment motions be excluded from any stay this Court issues. More importantly, claim construction has already occurred in this case. Thus, one of the primary benefit of reexamination – its usefulness in construing the patent's claims – has already passed. Lockheed implicitly recognizes this fact in its brief, as the only concrete benefit of reexamination that it can identify is that the

---

[3]The Court agrees with SSL that significant weight cannot be placed on the patent examiner's language in the Decision on Request. Reading the patent examiner's intent into his language, when he has not yet been presented with SSL's response to the reexamination, is pure speculation. For what it is worth, even if the Court were to agree with Lockheed that the reexaminer has already made up his mind, it would not merit further delay in this case. Indeed, if, as Lockheed contends, the patent examiner intends to invalidate the '375 patent, then we can expect his decision to be issued promptly, obviating the need for a stay.

5

reexamination will "bear directly on the motion for reconsideration of claim construction" that Lockheed has sought leave to file. Def. Br. at 8-9. Given that the Court has not even allowed Lockheed to file a motion for reconsideration yet, any such benefit is not persuasive.

Finally, the Court notes that the reexamination is narrowly limited to two related pieces of prior art, and should therefore proceed relatively quickly. This fact should help minimize the amount of work that is duplicated between the PTO and this Court.

### 3. Stage of Proceedings

The final factor for this Court to consider is the stage of the proceedings. As mentioned above, claim construction has already occurred in this case. In addition, although the parties have indicated that they intend to take a small amount of additional discovery, the primary discovery in this matter closed years ago. Given that the parties have already incurred the bulk of the expense associated with this lawsuit, the Court finds that staying the proceedings would result in little economy to the parties or to the Court.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Lockheed's request for a stay pending reexamination of the '375 patent (Docket No. 664). The Court further VACATES the hearing currently scheduled for December 9, 2005, at 9:00 a.m. The parties should come to the case management conference scheduled for 2:30 p.m. on December 9, 2005, prepared to discuss the schedule of future proceedings in this matter.

**IT IS SO ORDERED.**

Dated: 12/8/05

SUSAN ILLSTON
United States District Judge